# EXHIBIT A

lerk's Home (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



# Miami-Dade County Civil, Family and Probate Courts Online System

**◀◀ Back to Results**

**Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding** Access Security Matrix. (https://www.floridasupremecourt.org/content/download/241418/2133339/AOSC18-16.pdf)

## LEAH MINIAT VS NL COMMUNICATIONS, INC.

**Local Case Number:** 2019-008976-CA-01

**Filing Date:** 03/22/2019

**State Case Number:** 132019CA008976000001

**Case Type:** Other Civil Complaint

**Consolidated Case No.:** N/A

**Judicial Section:** CA08

**Case Status:** OPEN

### 👥 Parties

**Number of Parties: 3** ▬

OCS Search

**Export to ▾**

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Miniat, Leah | *B#:  (Bar Number)*88549<br>*N:  (Attorney Name)*Barnhart, Valerie B | |
| Defendant | NL Communications, Inc. | *B#:  (Bar Number)*702641<br>*N:  (Attorney Name)*Gutchess, Jeffrey W, ESQ | |
| Defendant AKA | RESEARCH TO PRACTICE | | |

## ✎ Hearing Details

**Number of Hearing: 0** ▬

No hearing information found

## ◔ Dockets

**Dockets Retrieved: 12** ▬

**Export to ▾**

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 11 | 04/17/2019 | | Motion for Extension of Time | Event | *Parties: Gutchess Jeffrey W ESQ; NL Communications Inc.* |
| 📄 | 10 | 04/17/2019 | | Notice of Appearance | Event | *Parties: Gutchess Jeffrey W ESQ; NL Communications Inc.* |
| 📄 | 9 | 03/29/2019 | | Notice of Appearance | Event | *Parties: Barnhart Valerie B; Miniat Leah* |
| 📄 | 8 | 03/29/2019 | | Service Returned | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 6 | 03/27/2019 | | Receipt: | Event | **RECEIPT#:2590087 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$50.00 RECEIPT DATE:03/27/2019 REGISTER#:259 CASHIER:CAREYSH** |
| | | 03/27/2019 | | 20 Day Summons Issued | Service | |
| | 5 | 03/27/2019 | | 20 Day Summons Issued | Event | *Parties: NL Communications Inc.* |
| | 4 | 03/27/2019 | | Receipt: | Event | **RECEIPT#:3470305 AMT PAID:$401.00 NAME:BARNHART, VALERIE B 8201 PETERS RD STE 4000 FORT LAUDERDALE FL 33324-3267 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER** |
| 📄 | 7 | 03/26/2019 | | Request for Production | Event | |
| 📄 | 3 | 03/22/2019 | | Notice of Interrogatory | Event | |
| 📄 | 2 | 03/22/2019 | | Complaint | Event | |
| 📄 | 1 | 03/22/2019 | | Civil Cover | Event | |

**◀◀ Back to Results**

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH) |

Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)

Clerk's Home (http://www.miami-dadeclerk.com/home.asp) |

Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp) |

Disclaimer (http://www.miamidade.gov/info/disclaimer.asp) | (http://www.miamidade.gov)

Contact Us (http://www.miami-dadeclerk.com/contact.asp) |

About Us (http://www.miami-dadeclerk.com/about.asp)

**MIAMI-DADE COUNTY**

2015 Clerk of the Courts. All Rights reserved.

Filing # 86853748 E-Filed 03/22/2019 04:57:49 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: _____

LEAH MINIAT,

    Plaintiff,

vs.

NL COMMUNICATIONS, INC., a Florida Corporation
d/b/a RESEARCH TO PRACTICE,

    Defendants.

_____/

## COMPLAINT

    Plaintiff, LEAH MINIAT hereby sues NL COMMUNICATIONS, INC. d/b/a RESEARCH

TO PRACTICE ("RTP"), and alleges as follows:

### INTRODUCTION

    1.    This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29

U.S.C. §§ 201 *et seq.* ("FLSA").

    2.    Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees

and costs pursuant to the FLSA and Fla. Stat. §448.08 and all other remedies allowable by law.

### PARTIES, JURISDICTION, AND VENUE

    3.    Plaintiff is a resident of Escambia County, Florida.

    4.    RTP is a Florida corporation with its principal place of business in Miami-Dade

County, Florida.

5.     RTP specializes in physician and allied health professional education with a focus on oncology and hematology through use of different formats such as audio interview and web-based videos.

6.     Plaintiff was employed by RTP at its Collier County, Florida location in the accounting department.

7.     Plaintiff is employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

8.     Venue is proper in this Court pursuant to Fla. Stat. § 47.011 because Defendant maintains its principal place of business in this Circuit.

## GENERAL ALLEGATIONS

### A. Defendant's Business and Interstate Commerce

9.     During the relevant period, RTP's gross annual revenue exceeded $500,000.

10.    RTP customarily and regularly sold goods and/or services across state lines, particularly through the internet.

11.    At all relevant times, RTP employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

12.    Upon information and belief, RTP obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

**2** | P a g e

13. RTP accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

14. RTP advertises its web-based videos and audio interviews for clinicians to subscribe to across the United States. Additionally, RTP hosts live CME conferences outside of Florida in states including Hawaii, Georgia, and California.

15. RTP is an employer engaged in interstate commerce and subject to the FLSA.

## B. Defendant's Employment of Plaintiff Leah Miniat

16. Miniat began working for RTP in the accounts payable department starting in April 2015.

17. Miniat's job duties did not involve management of other employees or other exempt work or responsibilities.

18. Miniat was paid an annual salary of $58,000.00 in 2018.

19. Prior to 2018, Miniat's salary was $57,000 annually.

20. Miniat was customarily and regularly forced to work in excess of forty (40) hours a week without overtime compensation.

21. Additionally, Miniat was customarily and regularly forced to work from home, between two and three days per week, for which those hours remained unpaid at a proper overtime rate.

22. Despite knowledge of Miniat's overtime hours, Defendant refused to pay all of Miniat's overtime hours as required by the FLSA.

23. Defendant intentionally refused to pay Miniat the overtime wages she was owed under the FLSA.

3 | P a g e

24.     Defendants were Miniat's employer for purposes of the FLSA as the term employer
is defined by 29 U.S.C. § 203.

25.     Plaintiff has retained undersigned counsel and agreed to pay a reasonable attorneys'
fee for all services rendered.

## COUNT I
## OVERTIME VIOLATION BY RTP UNDER THE FAIR LABOR STANDARDS ACT

26.     Miniat re-alleges and incorporates by reference the allegations in paragraphs 1
through 25 above as if fully set forth herein.

27.     As part of its business, RTP purchased goods and materials that traveled through
interstate commerce and regularly provided services for individuals across the United States.

28.     These goods, materials, services, and payments were customarily, continually, and
regularly handled by two or more employees, including Miniat.

29.     RTP obtained and solicited funds from non-Florida sources, accepted funds from
non-Florida sources, used telephonic transmissions going over state lines to do its business,
transmitted funds outside the State of Florida, used electronic means to market and run its business
in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce
during the relevant period.

30.     RTP accepted credit card payments, wire transfers, and other forms of payments
made or processed outside the state of Florida during the relevant period.

31.     RTP is an employer engaged in interstate commerce and subject to the FLSA.

32.     During Miniat's employment with RTP, Miniat worked overtime hours for which
she was not compensated at a rate of time-and-a-half the regular rate of pay as required by the
FLSA.

33.     Miniat is owed unpaid overtime compensation pursuant to the FLSA.

**4 |** P a g e

34.     In addition, RTP is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Miniat respectfully requests that the Court:

      a.   Enter judgment for Miniat against RTP under the FLSA;

      b.   Award Miniat actual damages for the unpaid wages;

      c.   Award Miniat liquidated damages;

      d.   Award Miniat her attorneys' fees and costs;

      e.   Award Miniat all recoverable interest; and

      f.   Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Respectfully submitted,

*/s/ Valerie Barnhart*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody Shulman, Esq.
Florida Bar No. 92044
waynice@pererabarnhart.com
**PERERA BARNHART, P.A.**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Phone: 786.485.5232

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT

IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-008976-CA-01

LEAH MINIAT,

        Plaintiff,

vs.

NL COMMUNICATIONS, INC., a Florida Corporation

d/b/a RESEARCH TO PRACTICE,

        Defendant.

DATE $3/28$   TIME $11:15A$

INITIALS $a$   ID# $245$

_____/

## **SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons, Complaint, First Set of
Interrogatories, and First Request for Production, on Defendant:

**NL COMMUNICATIONS, INC., A FLORIDA CORPORATION**
**D/B/A RESEARCH TO PRACTICE,**
**THROUGH ITS REGISTERED AGENT:**
**NEIL LOVE**
**2 SOUTH BISCAYNE BLVD STE. 3600**
**MIAMI, FL 33131**

      Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney,
whose name and address is: **Valerie Barnhart, Esq.,** Perera Barnhart, 12555 Orange Drive,
Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk
of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant
fails to do so, a default will be entered against that Defendant for the relief demanded in the
complaint or petition.

DATED ON _____ MAR 2 7 2019 ____, 2019.

                       HARVEY RUVIN

                       By: _Shauntaria Carey_

                         As Deputy Clerk

## SUMMONS:

## PERSONAL SERVICE OF A CORPORATION

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and you wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandoado legalmente. Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudeise perder el caso y podria ser despojado de sus ingresos y propiedades, o privade de sus dereschos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a unabogado immediateamenta. Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefoncia.

Si desea responder a la demanda pro su cuenta, al mismoi tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado de Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecite a la plainte cijointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat. Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une

2

photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Filed By:    Valerie Barnhart, Esq.
             Fla. Bar No.: 88549

Address:     Perera Barnhart
             12555 Orange Drive
             Second Floor
             Davie. FL 33330
             786.485.5232

Filing # 86855748 E-Filed 03/22/2019 04:57:49 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Leah Miniat</u>
 Plaintiff
                vs.
<u>NL Communications, Inc. d/b/a Research To Practice</u>
Defendant

---

**II.     TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999
  ☐ Commercial foreclosure $250,000 or more
  ☐ Homestead residential foreclosure $0 – 50,000
  ☐ Homestead residential foreclosure $50,001 - $249,999
  ☐ Homestead residential foreclosure $250,000 or more
  ☐ Non-homestead residential foreclosure $0 - $50,000
  ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical
  ☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☒ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☐ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐ No ☒

**III.      REMEDIES SOUGHT** (check all that apply):
☒   Monetary;
☐   Non-monetary declaratory or injunctive relief;
☐   Punitive

**IV.      NUMBER OF CAUSES OF ACTION: (      )**
(Specify)

1

**V.       IS THIS CASE A CLASS ACTION LAWSUIT?**
☐   Yes
☒   No

**VI.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒   No
☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒   Yes
☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Valerie Barton Barnhart        FL Bar No.: 88549
   Attorney or party                                              (Bar number, if attorney)

  Valerie Barton Barnhart          03/22/2019
   (Type or print name)                              Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CASE NO.:

LEAH MINIAT,

       Plaintiff,

vs.

NL COMMUNICATIONS, INC., a Florida Corporation
d/b/a RESEARCH TO PRACTICE,

       Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES NL COMMUNICATIONS, INC. D/B/A RESEARCH TO PRACTICE ("RTP")

Plaintiff Leah Miniat, pursuant to Florida Rule of Civil Procedure 1.340, propound the attached interrogatories numbered 1 through 18 to be answered separately in writing under oath by Defendant, NL Communications, Inc. d/b/a Research to Practice ("RTP"), within forty-five (45) days in accord with Florida Rule of Civil Procedure 1.340.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served along with the Complaint in this matter.

By: */s/ Valerie Barnhart*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
**PERERA BARNHART**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: _____

LEAH MINIAT,

    Plaintiff,

vs.

NL COMMUNICATIONS, INC., a Florida Corporation
d/b/a RESEARCH TO PRACTICE,

    Defendants.

_____/

## **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

    Plaintiff, Leah Miniat, propounds the following written interrogatories on Defendant NL
Communications, Inc. d/b/a Research to Practice ("RTP") to be answered under oath within
forty-five (45) days from the date of service.

## **DEFINITIONS AND INSTRUCTIONS**

    1.    All information is to be divulged that is in the possession, custody or control of
the Defendant, including information in the possession, custody or control of each individual
who acts, or who has acted at relevant times, as the attorney, investigator, agent, or other
representative for the Defendant.

    2.    The term "you" or "your" means the party to which this request is addressed, and
any person or entity that has at any time relevant to this action acted as attorney, consultant,
accountant, actuary, expert, investigator, or agent of Eagle Painting.

    3.    The term "Document" is defined as broadly as permitted under the Florida Rules
of Civil Procedure, and includes all materials and things subject to production under those Rules.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

"Document" means the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic matter no matter how produced, recorded, stored or reproduced, including, but not limited to, any writing, letter, facsimile, email or other electronic communication, memorandum, statement, book, confirmation, account statement, summary or record of conversations or interviews, diary, graph, report, notebook, note chart, summaries or reports of investigations or negotiations, opinions or reports of consultants, brochure, pamphlet, advertisement, circular, draft, canceled check, accountant's record, record, survey, map, study, handwritten note, working paper, chart, tabulation, tape, data sheet, data processing card, printout, microfilm, index, note of interview or communication or any other data compilation in your possession, custody or control including all drafts and non-identical copies of all such documents. The phrase "other data compilation" includes, but is not limited to, any material stored on or accessible through a computer, electronic organizer, audiotape, videotape, compact disk, diskette, or any other information storage or retrieval system.

4.     The term "all documents" shall mean every document as above-defined known to you and every such document which can be located or discovered by reasonably diligent efforts.

5.     The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

6.     The words "concerning" or "relating" includes referring to, responding to, relating to, connected with, regarding, discussing, analyzing, evidencing, showing, depicting, describing, reflecting, implying and constituting.

7. "Identify" or "describe" when used with respect to a person means to state the name, address and telephone number of such person, and the name of the person's employer, place of employment and job title, if any.

8. "Identify" or "describe" when used with respect to a document means to state the name and address of the custodian of the document, the location of the document, and a general description of the document, including: (1) the type of document (i.e., correspondence, memorandum, e-mail, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

9. You may answer an interrogatory in whole or in part by attaching a document(s) (as defined herein) which contains the requested information. Such document(s) may, if authenticated, be a copy of the original. Any document(s) used to answer an interrogatory may contain other information as well; however, the relevant portion of said document(s) must be so marked or indexed.

10. If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying the nature and extent of your inability to answer the remainder, state whatever information you have concerning the unanswered portions and identify the person(s) who may have additional knowledge or information regarding the subject.

11. Unless otherwise stated below, the "relevant period" is the three (3) years preceding the date of filing of this lawsuit.

12. If any communication called for by (or responsive to) these interrogatories is withheld under any claim of privilege or on some other basis, identify the communication and

state the privilege or other basis for withholding the information requested; and if the attorney-client privilege is asserted as the basis for withholding the information, identify the client and the attorney.

13.     These interrogatories are to be deemed continuing in nature, and should be modified and/or supplemented as required by the Florida Rules of Civil Procedure.

14.     Please insert your answers in the space provided following each question.  If additional space is needed, so indicate in the space provided, prepare your answer on separate paper and attach.

## **INTERROGATORIES**

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**Answer:**

2.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**Answer:**

3.      Identify each and every person and/or entity that has held any ownership interest in RTP during the relevant period and specify the ownership interest held by each.

**Answer:**

4.      Identify any other lawsuits or claims (including claims through the Department of Labor) brought or asserted against RTP for unpaid wages from calendar year 2015 through the present. In your answer, please include a list of the names and addresses of all parties to any such claims, charges, grievances, administrative actions, or lawsuits, the court, docket number, the approximate date(s) of filing, and the final disposition.

**Answer:**

5.      Identify the financial institution(s) where you maintained all accounts from during the relevant period, including your operating accounts, checking accounts, savings accounts, trust accounts, overdraft protection accounts, credit card accounts and any other accounts into which you deposit or withdraw revenue, and/or from which you have made any payments, stating the financial institution name, address, account name, account number, and account type.

**Answer:**

6.      Identify every person that has any information relating to the hours worked by Plaintiff on behalf of RTP during the relevant period. Include in your answer the full name, address and telephone number of each person.

**Answer:**

7.      Identify all employees that performed work for RTP in its accounting department during any part of the relevant period. Include in your answer, (i) the individual's dates of employment; (ii) how each individual was compensated, and (iii) each individual's name and contact information (telephone number, address, and e-mail).

**Answer:**

8.      Identify every supplier/third-party RTP purchased any goods or materials from during the relevant period. For each supplier/third-party, identify the person's or entity's name, contact information, the types of goods purchased, where the goods were manufactured, and when such goods were purchased by RTP.

**Answer:**

9.      Identify all compensation paid by RTP to Leah Miniat during the relevant period, including the date when the payment was made, the amount of the payment, when the payment was made, the person(s) that issued and/or delivered the payment, and how the payment was made (cash, check, etc.).

**Answer:**

**NL COMMUNICATIONS, INC. d/b/a**
**RESEARCH TO PRACTICE**

Signature:_____

Printed Name: _____

Title: _____

STATE OF _____  )

                                          ss.:

COUNTY OF _____  )

      BEFORE ME the undersigned authority, personally appeared, _____,
the _____ of **NL COMMUNICATIONS, INC. d/b/a RESEARCH TO PRACTICE** on behalf of the corporation, who executed the foregoing responses to Plaintiff's First Set of Interrogatories to Defendant **NL COMMUNICATIONS, INC. d/b/a RESEARCH TO PRACTICE** and stated that such answers are true and correct.

      Sworn to and subscribed before me this _____ day of _____, 2019.

_____

Notary Public, State of _____

Print or Stamp Name: _____

Commission No: _____

My Commission Expires: _____

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2019-008976-CA-01

LEAH MINIAT,

     Plaintiff,

vs.

NL COMMUNICATIONS, INC., a Florida Corporation

d/b/a RESEARCH TO PRACTICE,

     Defendant.

_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that the undersigned hereby appears as Attorney of Record on behalf of the Plaintiff in the above-styled cause.  The undersigned requests that copies of all pleadings, notices, correspondence, and communications of any type, be furnished to him in accordance therewith.

Respectfully submitted on March 29, 2019

By: */s/ **Brody M. Shulman***
Brody M. Shulman, Esq.
Florida Bar No. 92044
Email: brody@pererabarnhart.com

**PERERA BARNHART, P.A.**
12555 Orange Dr., Second Floor
Davie, Florida 33330
Telephone: (786)-485-5232
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2019, a true and correct copy this foregoing document was communicated through the e-filing portal.

By: <u>**/s/ Brody M. Shulman**</u>

Brody M. Shulman, Esq.
Florida Bar Number: 092044

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-008976-CA-01

LEAH MINIAT,

        Plaintiff,

vs.

NL COMMUNICATIONS, INC., a Florida Corporation
d/b/a RESEARCH TO PRACTICE,

        Defendants.

_____/

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

Plaintiff, Leah Miniat, hereby requests that Defendant NL Communication, Inc. d/b/a
Research to Practice ("RTP") produce each document or item responsive to this First Request for
Production, for inspection and copying, or forward copies to, the offices of Perera Barnhart,
12555 Orange Drive, Second Floor, Davie, FL 33330, within forty-five (45) days from the date
of service.

## **INTRODUCTION**

1. "Document" is defined as broadly permitted under the Florida Rules of Civil Procedure
and includes all materials and things subject to production under those Rules. "Document"
means the complete original or a true, correct, and complete copy and any non-identical copies
of any written or graphic matter, whether printed, graphic, recorded, or reproduced, or stored by
any other electronic or mechanical process, or written or produced by hand:  affidavits;
agreements; e-mails; communications; correspondence; telegrams; memoranda; tape recordings;
statements; notes; summaries or records of telephone conversations; summaries or records of

personal conversations or interviews; diaries; log books; calendars; reports; notebooks; computer files (whether stored on disks, tapes, diskettes, hard drive, or otherwise), computer printouts; charts; summaries or records of meetings or conferences; summaries or reports of investigations or negotiations; drafts; letters; any marginal comments or notes appearing on any document; and any and all other writings and physical evidence.

2.   The term "all documents" shall mean every document as above-defined known to you and every such document which can be located or discovered by reasonably diligent efforts.

3.   If any document called for by a request is withheld on the basis of a claim of privilege (including work product), identify the nature of the claimed privilege as required by Fla. R. Civ. P. 1.280(b)(6), and provide the following information in the objection:

      a.   The type of document;

      b.   General subject matter of the document; and

      c.   The date of the document.

4.   This lawsuit" refers to above styled lawsuit.

5.   The term "you" or "your" means RTP.

6.   The terms "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

7.   The words "reflecting," "concerning," "relate to" or "relating" include referring to, responding to, relating to, connected with, regarding, discussing, analyzing, evidencing, showing, depicting, describing, reflecting, implying and constituting.

8.   When producing the documents, please keep all documents segregated by the file in which the documents indicate the name of the file in which the documents are contained and the name of the documents being produced.

**2 |** P a g e

9. Unless otherwise stated below, the "relevant period" for each request is the three (3) years preceding the date of filing of this lawsuit.

10. Responses should be modified and/or supplemented as required by the Florida Rules of Civil Procedure.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

## DOCUMENTS TO BE PRODUCED

1.     Produce all documents (including, but not limited to, any sign-in sheets, time records, etc.) showing the days Plaintiff rendered any services for RTP during the relevant period.

2.     Produce all documents showing or relating to any and all payments made to Plaintiff by RTP during the relevant period.

3.     Produce all documents showing or relating to all hours worked by Plaintiff for RTP during the relevant period.

4.     Produce RTP's tax returns for 2016, 2017, and 2018.

5.     Produce documents showing goods and materials purchased by RTP during the relevant period that originated outside the State of Florida.

6.     Produce the entire personnel files for Plaintiff.

7.     Produce RTP's corporate documents that contain information relating to who has an ownership interest in RTP, how ownership is held, and/or how RTP's corporate structure was organized during the relevant period.

8.     Produce all documents showing all employees of RTP during the relevant period, the positions of each individual employee, the individual's dates of employment, the duties of each individual, how each individual was compensated and/or each individual's name and contact information.

9.     Produce all documents relating to any prior actual or threatened claim for unpaid wages received by RTP during the previous five (5) years, including correspondence to or from the Department of Labor.

10.    Produce any organizational chart drafted or prepared by RTP that shows its organizational structure during the relevant period.

11.    Produce all employee handbooks/manuals maintained by RTP that were effective during the relevant period.

12.    Produce all documents relating to and/or showing the reason(s) why Plaintiff ceased rendering services for RTP.

13.    Produce documents that relate to and/or evidence the type of work rendered by Plaintiff for RTP during the relevant period.

14.    Produce documents showing the different manners (cash, credit card, wire, etc.) RTP accepted payment for its services during the relevant period.

**4** | P a g e

15.     Produce all documents that relate in any way to the allegations in the operative Complaint.

16.     Produce all documents provided by RTP to Plaintiff prior to Plaintiff rendering any services for RTP.

17.     Produce all documents showing all tax documents (1099, W-2, etc.) issued by RTP to Plaintiff for work conducted during the relevant period.

18.     Produce all documents reflecting or related to the wages earned by Plaintiff during the relevant period.

19.     Produce all communications between any owner, employee or agent of RTP and any other person, including Plaintiff, relating to any payment to Plaintiff by RTP.

20.     Produce all communications between any owner, employee or agent of RTP and any other person, including Plaintiff, relating to the work schedule of Plaintiff.

21.     Produce all electronically stored data responsive to any of the preceding document requests in its native electronic format.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served

along with the Complaint in this matter.

> By: */s/ Valerie Barnhart*
> J. Freddy Perera, Esq.
> Florida Bar No. 93625
> freddy@pererabarnhart.com
> Valerie Barnhart, Esq.
> Florida Bar No. 88549
> valerie@pererabarnhart.com
> **PERERA BARNHART**
> 12555 Orange Drive, Second Floor
> Davie, Florida 33330
> Telephone: 786-485-5232

5 | P a g e

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of DADE** | **Circuit Court** |

Case Number: 2019-008976-CA-01

Plaintiff:
**LEAH MINIAT**

vs.

Defendant:
**NL COMMUNICATIONS,INC., D/B/A RESEARCH TO PRACTICE**

For:
J. FREDDY PERERA
PERERA BARNHART, PA
12555 ORANGE DR
2ND FLOOR
DAVIE, FL 33330

Received by OJF SERVICES, INC. on the 27th day of March, 2019 at 4:12 pm to be served on **NL COMMUNICATIONS,INC., D/B/A RESEARCH TO PRACTICE R/A NEIL LOVE, 2 SOUTH BISCAYNE BLVD, SUITE 3600, MIAMI, FL 33131**.

I, GREG SCHULTE, do hereby affirm that on the **28th day of March, 2019** at **11:15 am, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS, COMPLAINT, FIRST REQUEST TO PRODUCE AND FIRST SET OF INTERROGATORIES** with the date and hour of service endorsed thereon by me, to: **BRITTANY CALDWELL** ASSISTANT OF NEIL LOVE at the address of: **2 SOUTH BISCAYNE BLVD, SUITE 3600, MIAMI, FL 33131** as **registered agent** for **NL COMMUNICATIONS,INC., D/B/A RESEARCH TO PRACTICE R/A NEIL LOVE**, and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**GREG SCHULTE**
CPS #245

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2019004882

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT

IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-008976-CA-01

LEAH MINIAT,

    Plaintiff,

vs.

NL COMMUNICATIONS, INC., a Florida Corporation

d/b/a RESEARCH TO PRACTICE,

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons, Complaint, First Set of Interrogatories, and First Request for Production, on Defendant:

**NL COMMUNICATIONS, INC., A FLORIDA CORPORATION**
**D/B/A RESEARCH TO PRACTICE,**
**THROUGH ITS REGISTERED AGENT:**
**NEIL LOVE**
**2 SOUTH BISCAYNE BLVD STE. 3600**
**MIAMI, FL 33131**

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is: **Valerie Barnhart, Esq.,** Perera Barnhart, 12555 Orange Drive, Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED ON _____ MAR 27 2019 _____, 2019.

HARVEY RUVIN

By: _____

As Deputy Clerk

## SUMMONS:

## PERSONAL SERVICE OF A CORPORATION

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and you wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandoado legalmente. Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudeise perder el caso y podria ser despojado de sus ingresos y propiedades, o privade de sus dereschos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a unabogado immediateamenta. Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefoncia.

Si desea responder a la demanda pro su cuenta, al mismoi tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado de Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat. Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une

2

photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Filed By:      Valerie Barnhart, Esq.
               Fla. Bar No.:  88549

Address:       Perera Barnhart
               12555 Orange Drive
               Second Floor
               Davie, FL 33330
               786.485.5232

3

Filing # 88138511 E-Filed 04/17/2019 03:39:19 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2019-008976-CA-01**

LEAH MINIAT,

      Plaintiff,

vs.

NL COMMUNICATIONS, INC.
d/b/a RESEARCH TO PRACTICE,

      Defendant.

_____/

**<u>NOTICE OF APPEARANCE</u>**

PLEASE TAKE NOTICE that Jeffrey W. Gutchess, Esq. and Alice C. Férot, Esq. of the

law firm AXS Law Group, PLLC are hereby entering an appearance as counsel of record for

Defendant, NL Communications, Inc. in the above-captioned action and respectfully request that

the Clerk place counsel listed below on the service list to receive all pleadings, filings and

exhibits in this case, and that all notices given or required to be served in this case be served at

the following address:

                  **AXS LAW GROUP, PLLC**
                  2121 NW 2nd Avenue, Suite 201
                  Miami, FL 33127
                  Tel:  305.297.1878
                  Jeffrey W. Gutchess (FBN 702641)
                  jeff@axslawgroup.com
                  Alice Férot (FBN 101504)
                  alice@axslawgroup.com
                  Secondary Email address: eservice@axslawgroup.com

Dated: April 17, 2019

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Avenue, Suite 201
Miami, FL 33127
Tel:  305.297.1878

By: /s/ Jeffrey W. Gutchess
Jeffrey W. Gutchess (FBN 702641)
jeff@axslawgroup.com
Alice Férot (FBN 101504)
alice@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Defendant*

2

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 17, 2019, a true and correct copy of the foregoing

was served via the e-filing portal.

/s/ Alice Férot
Alice Férot, Esq.

4/8/19, 12:57 PM

3

Filing # 88147770 E-Filed 04/17/2019 04:36:59 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2019-008976-CA-01**

LEAH MINIAT,

      Plaintiff,

vs.

NL COMMUNICATIONS, INC.
d/b/a RESEARCH TO PRACTICE,

      Defendant.

_____/

**NL COMMUNICATIONS, INC'S UNOPPOSED MOTION
FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant NL Communications, Inc. ("NL Communications") moves this Court for a brief extension of time to respond to the Complaint filed by Plaintiff, Leah Miniat, and in support of its Motion, states as follows:

1.    On March 28, 2019, Plaintiff served her Complaint on NL Communications alleging violations of the Fair Labor Standards Act of 1938.

2.    The response to the Complaint is currently due on April 17, 2019.

3.    Counsel for NL Communications is handling pressing matters and needs a brief extension of time to respond to the Complaint.

4.    Further, the parties are engaged in settlement discussions.

5.    As a result, NL Communications requests a brief 20-day extension of time, up until May 7, 2019, to respond to the Complaint.

6.    Counsel for NL Communications conferred with counsel for Plaintiff and Plaintiff does not object to the relief sought in this Motion.

7.      Based on the foregoing, good cause exists for NL Communications' request for an extension of time.

WHEREFORE, NL Communications respectfully requests that this Court enter an order allowing NL Communications to respond to the Complaint on or before May 7, 2019.

Dated: April 17, 2019

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Avenue, Suite 201
Miami, FL 33127
Tel:  305.297.1878

By: /s/ Jeffrey W. Gutchess
Jeffrey W. Gutchess (FBN 702641)
jeff@axslawgroup.com
Alice Férot (FBN 101504)
alice@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Defendant*

2

AXS LAW GROUP, PLLC
2121 NW 2nd Avenue, Suite 201, Wynwood, FL 33127

**CERTIFICATE OF PRE-FILING CONFERENCE**

Counsel for Defendant has conferred with Plaintiff's counsel, Plaintiff does not object to the relief sought in this Motion.

_____/s/ Alice Férot_____
Alice Férot

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 17, 2019, a true and correct copy of the foregoing was served via the e-filing portal.

_____/s/ Alice Férot_____
Alice Férot

3

AXS LAW GROUP, PLLC
2121 NW 2nd Avenue, Suite 201, Wynwood, FL 33127