UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-cv-21639-JJO
[Consent Case]

**LEAH MINIAT,**

    Plaintiff,

vs.

**NL COMMUNICATIONS, INC.**, a Florida Corporation
d/b/a RESEARCH TO PRACTICE,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff **LEAH MINIAT** and Defendant **NL COMMUNICATIONS, INC.** (collectively the "Parties"), by and through their respective undersigned counsel, hereby respectfully file this Joint Motion for Approval of Parties' Settlement and Dismissal with Prejudice in this Fair Labor Standards Act ("FLSA") case, with the Court reserving jurisdiction to enforce the terms of the settlement agreement, and in support jointly state the following:

1. On March 22, 2019, Plaintiff filed her Complaint in Miami-Dade County Circuit Court against Defendant seeking overtime wage damages pursuant to the FLSA. This matter was later removed to this Honorable Court.

2. On May 5, 2019, Defendant filed its Answer and Affirmative Defenses to Plaintiff's FLSA claims.

3. Defendant denies Plaintiff's allegations of unpaid overtime. Defendant contends that they fully complied with the FLSA.

4. To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a

settlement of this matter where both Plaintiff and Defendant were represented by counsel.

5. A copy of the parties' Settlement Agreement will be provided to the Court for *in camera* review. Additionally, Plaintiff's will provide the Court for *in camera* review supplemental information, in the form of Plaintiff's counsel's time records, curriculum vitae, and past Orders establishing Plaintiff's counsel's hourly fee, to support the reasonableness of the attorneys' fees sought.

6. A proposed Order granting this Motion is filed along attached hereto.

## MEMORANDUM OF LAW

### I. LEGAL FRAMEWORK

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a

reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.")

## II.     THE OBSTACLES FACED BY PLAINTIFF

Plaintiff's recovery in this matter is very significant in light of the various legal barriers she would have to overcome to attain any financial recovery whatsoever.

### A. First Obstacle: The Possible Application Of The Administrative Exemption.

As an initial matter, Defendant vehemently maintained that Plaintiff was exempt from the FLSA's overtime provisions under the FLSA's Administrative exemption. *See* 29 U.S.C. § 213(a)(1). Under the administrative exemption, the employee must, among other things, be "compensated on a salary basis at a rate of not less than $455 per week." 29 C.F.R. § 541.600(a). Further, the employee's primary duty must: (1) be "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (2) "include[] the exercise of discretion and independent judgment with respect to

matters of significance." 29 C.F.R. § 541.200(a). The basis for the Administrative exemption was firm in this matter.

It is beyond dispute that Plaintiff was paid on a salary basis during the relevant period. As a result, the foundational requirement for the Administrative was unassailable. Importantly, it is often the absence of a base salary that leads to the inability to rely on the Administrative exemption. And, it is often the absence of a base salary that enables a finding that the employer's FLSA violations were willful (an issue of immense importance as further explained below).

Secondly, Plaintiff performed account payable work for the Defendant. Accounting work has been historically deemed to be the type of "office or non-manual work directly related to the management or general business operations of the employer." As a result, there was no significant argument that Defendants would have been able to establish the second prong of the administrative exemption.

The only room for real argument related to the third prong of the administrative exemption— whether Plaintiff's primary duty included "the exercise of discretion and independent judgment with respect to matters of significant." The sensitive financial work performed by Plaintiff for Defendants made it very likely that any independent judgment exercised by Plaintiff concerned a matter of significance. As a result, it was very possible (and even likely) that the administrative exemption would have barred *any* recovery in this matter. Plaintiff gave significant weight to this possibility.

### B. Second Obstacle: The Limiting Nature Of Violations That Are Not Deemed Willful.

Assuming Plaintiff was able to evade the Administrative exemption, Plaintiff would be met with another significant obstacle. The ordinary statute of limitations under the FLSA is only two (2) years. The only way Plaintiff could augment the statute of limitations period is if she were able to prove that Defendant's FLSA violations were "willful." Proving willfulness in the present case

would be virtually impossible in light of Defendant's good-faith belief that the Administrative exemption applied to Plaintiff.

As a practical matter, the absence of a third year in the statute of limitations period would have a severely limiting effect in this case. If Plaintiff's potential recovery was limited to the standard two-year statute of limitations, nearly half of Plaintiff's alleged damages would be struck.

Furthermore, a lack of willfulness would further preclude Plaintiff's ability to recover liquidated damages. This would, in turn, further limit the scope of Plaintiff's recovery by another fifty (50%).

### C. Third Obstacle: Establishing All Hours Worked

Lastly, there was a significant dispute in this case over the hours Plaintiff worked during the relevant period. Unlike other FLSA cases, there were no complete time records establishing all hours worked. The question of compensable work hours would have come down to a question of credibility. Notably, Defendant, during this litigation, presented Plaintiff's counsel with reporting policies and documents that would have supported Defendants contention that Plaintiff either did not work in excess of 40 hours in any given work week, or worked only a few additional hours, during the relevant time period.

### III. PLAINTIFF'S RECOVERY

The foregoing legal and factual analysis explains why Plaintiff was eager to accept the proposal that was ultimately memorialized through the Settlement Agreement. Plaintiff ran a substantial risk of losing this case altogether. Had she lost, Plaintiff would have faced an exposure of a costs judgment being entered against her. Further, after review of the documents served by Defendant and extensive discussions, there was a very real possibility that Plaintiff's damages may total less than $500.00. As such, Plaintiff is recovering well more than 100% of her potential backpay. Through all of the challenges in this case, Plaintiff was able to secure a financial benefit

and this was a very beneficial outcome under the circumstances. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all").

### III.   PLAINTIFF'S ATTORNEYS' FEES AND COSTS

In a suit brought by employees under the FLSA, the Court must determine whether the settlement "is a fair and reasonable resolution." *See Lynn's Food.,* 679 F.2d at 1352-53. at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.,* No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.,* 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).

####   A.   The Issue Of Attorneys' Fees And Costs Were Separately Negotiated.

Plaintiff's attorneys' fees and costs were, at all times, negotiated separately from the amounts claimed by Plaintiff for her underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately

considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

### B. The Compromised Attorneys' Fees.

As of this filing, Plaintiff's counsel has incurred $7,710.00 in attorneys' fees and $460.04 in costs. A detailed report containing every time and cost entry will be separately e-mailed for *in camera* review. Plaintiff's counsel is receiving $7,000 in fees and costs through the Settlement Agreement. This represents a compromise/reduction in Plaintiff's attorneys' fees and costs.

### C. The Lawyers Representing Plaintiff.

Plaintiff was represented by Valerie Barnhart, Esq. and Brody Shulman, Esq. The curriculum vitae for each attorney will be separately e-mailed for *in camera* review

As the Court will note, Ms. Barnhart is a partner of the Firm, graduated with honors from her law school, has a big firm background, and a history of publications and lectures on legal issues. Hourly clients regularly pay $350.00 an hour for Ms. Barnhart's services.

Mr. Shulman is a partner at Perera Barnhart, P.A. and has also dedicated his entire career to the field of labor and employment law. Mr. Shulman has handled hundreds of labor and employment matters and has served as lead counsel on many reported decisions. Hourly clients regularly pay $350.00 an hour for Mr. Shulman's services.

A sample of documents showing the payment of the rates above will be sent via e-mail. *See Mayson v. Pierce*, 806 F.2d 1556, 1557 (11th Cir. 1989) (noting that billing rates charged to other clients is evidence of the reasonable hourly rate).

Recently, the Honorable Magistrate Judge Alicia O. Valle granted a Joint Motion for Settlement Approval an FLSA matter and approved the hourly rates of 350.00 for Valerie Barnhart, Esq. and $350.00 for Brody M. Shulman, Esq. *See Bolton v. Rock N Massage, Inc., et. al.*, case no.: 19-cv-60008-AOV (S.D. Fla. May 8, 2019).

### D. Analysis Of Various Factors

Counsel for the Parties note there is not existence of fraud or collusion in this matter. The settlement here is the negotiated result of an adversarial proceeding, which itself is an indication of its fairness.

This matter was not a straightforward FLSA matter, but rather, involved complex legal and factual facts. As stated *supra*, the factual and legal issues included the Administrative exemption, recordkeeping disputes, and statute of limitations concerns (as to the third-year recovery). Moreover, the issue regarding liquidated damages would be heavily litigated if this matter did not resolve.

The settlement of this matter occurred at the halfway mark. Prior to this resolution, the Parties had engaged in written discovery and were preparing to take depositions.

As noted above, the range of recovery in this case was threatened by several significant obstacles, including the Administrative exemption, the statute of limitations, and the dispute over hours worked.

Finally, counsel for both Parties agree this settlement is eminently fair and reasonable given the factual and legal disputes discussed in this Motion.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement, (2) dismissing this action with prejudice, and (3) reserving jurisdiction to enforce the terms of the parties' Settlement Agreement.

Submitted on: July 12, 2019

By: */s/ Brody M. Shulman*            By    */s/Alice Férot*
J. Freddy Perera, Esq.                   Jeffrey W. Gutchess, Esq.
Florida Bar No. 93625                Florida Bar No. 702641
freddy@pererabarnhart.com        jeff@axslawgroup.com
Valerie Barnhart, Esq.                 Alice Férot, Esq.
Florida Bar No. 88549                Florida Bar No. 101504
valerie@pererabarnhart.com        alice@axslawgroup.com
Brody M. Shulman, Esq.             eservice@axslawgroup.com
Florida Bar No. 92044
brody@pererabarnhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com

**PERERA BARNHART**               **AXS LAW GROUP, PLLC**
12555 Orange Drive, Suite 268      2121 NW 2nd Avenue, Suite 201
Davie, Florida 33330                 Miami, FL 33127
Telephone: 786-485-5232           Tel:  305.297.1878
*Attorney for Plaintiff*                  *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 12, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Brody M. Shulman*
Brody M. Shulman, Esq.